UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DUANE ARTHUR, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:07-cv-507-DFH-JMS |
| ) | |
| THOMAS JORDAN, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

**I.**

The clerk shall **file, docket, and distribute** the material received from the petitioner, Mr. Arthur, on September 17, 2007. Mr. Arthur's address on the docket shall be updated to reflect that shown in the distribution portion of this Entry.

**II.**

Having considered the pleadings and the expanded record in this action for a writ of habeas corpus brought by Duane Arthur ("Arthur"), the court concludes that this action must be **dismissed with prejudice.** This conclusion is based on the following facts and circumstances:

1. Because Arthur's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), governs the proper analysis. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds,* 521 U.S. 320 (1997); *Holman v. Gilmore,* 126 F.3d 876, 880 (7th Cir. 1997), *cert. denied,* 522 U.S. 1150 (1998). "Statutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page,* 208 F.3d 572, 573 (7th Cir. 2000). The AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

2. Arthur challenges his 1999 Marion County conviction for operating a vehicle after a lifetime suspension. There was no direct appeal from this disposition. The trial court's denial of Arthur's petition for post-conviction relief was affirmed on appeal in *Arthur v. State,* No. 49A04-0504-PC-241(Ind.Ct.App. March 26, 2006)(unpublished).

3. Arthur's conviction became final, for habeas corpus purposes, on October 24, 1999, the last day on which he could have filed an appeal from the imposition of sentence. This gave him through October 25, 2000, in which to file a federal habeas petition.

4. Arthur did not file his habeas corpus action within one (1) year from October 24, 1999, but did so on the date he signed his petition, April 9, 2007. The petition was then filed with the clerk on April 25, 2007. It is true, of course, that the running of this period would have been tolled while any properly filed action for post-conviction relief was pending. *See* 28 U.S.C. § 2244(d)(2); *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002) (one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court). It is also true that Arthur filed an action for post-conviction relief and that such action was pending in the Indiana state courts from the date it was filed on July 23, 2004, through March 26, 2006. The filing of the post-conviction action, however, did not operate to toll the running of the statute of limitations in this case. See *Fernandez v. Sternes,* 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

5. Arthur makes a general statement regarding this case that he has proceeded with diligence and that he has been victimized by errors in his cases, including the 1999 Marion County conviction for operating a vehicle after a lifetime suspension. The expanded record shows, however, that the post-conviction petition was not filed until more than 3½ years after the statute of limitations had expired. The circumstances Arthur recites do not fall within any of the statutory tolling provisions under AEDPA, just as they do not approach the exceptional level justifying equitable tolling outside those statutory provisions.

6. In this case, Arthur has encountered the hurdle produced by the one-year statute of limitations applicable to the petition he has brought. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence he is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

So ordered.

*signature: David F. Hamilton*

DAVID F. HAMILTON, Judge
United States District Court

Date: 9/24/2007